liAMY, Judge,
dissenting.
In my view, the defendant cannot be granted summary judgment with the constitutionality of the statutory employer defense not yet considered and ruled upon by the trial court. In the instant case, the trial court allowed the constitutionality of this defense to be submitted as an issue for its consideration by permitting the amendment of plaintiffs petition. Without resolving that issue, the trial court then granted the defendant’s motion for summary judgment applying the statutory employer defense. This resulted in a situation where a law was applied in the grant of a summary judgment without a decision on its constitutionality. Since the trial court left open the question of the legality of La.R.S. 23:1032 and 23:1061, it was premature for the trial court to conclude that the defendant was entitled to summary judgment on these defenses “as a matter of law” under La.Code Civ.P. art. 966. Simply put, the time to address the constitutionality question was prior to judgment, rather than after.
RNor do I agree with the majority that these issues may still be litigated in this ease, given the current posture of the proceedings. The trial court’s granting of summary judgment had the effect of releasing the defendant from the lawsuit, ending the plaintiffs’ lawsuit without the constitutionality arguments having been heard and considered. An assertion that a defense is unconstitutional cannot remain viable and go to trial when a trial court has granted summary judgment applying the very defense that is alleged to be unconstitutional.
For these reasons, I respectfully dissent.